## PIERCE VS. LYMAN et al.

CONTRACTS OF SALE: *Test as to tranfer of title.*
The test as to whether, upon a contract of sale, the property vests in the vendee or remains in the vendor, is, could the vendee recover of the vendor, either in a court of law or equity, the interest or property he claims to have purchased of the vendor?

PRACTICE: *When record not filed twenty days before commencement of term.*
The provisions of sec. 876, Civil Code, as to the time when appeals shall stand for trial are directory; and when the record has not been filed in the clerk's office more than twenty days before the commencement of the term, but the appellee has been summoned over twenty days before the submission of the cause on the part of the appellant, the case may be properly disposed of at that term.

Pierce vs. Lyman et al.

SAME: *When defendant may be required to produce his evidence first.*
On plea of failure of consideration, where the burden of proof in the whole action seems to rest upon the defendant, it is not improper for the court to require him to produce his evidence first.

SAME: *Where no evidence to support the verdict.*
Where the record shows that the verdict of the jury was grossly contrary to the law, though in accordance with the instructions of the court, and it was totally unsupported by any legal evidence in the case, the judgment will be reversed.

APPEAL from *Jefferson* Circuit Court.
Hon. READ FLETCHER, Special Judge.
*Yonley & Whipple*, for appellant.
*H. Carlton*, for appellees.

SEARLE, J. This suit was brought upon a promissory note for the recovery of five hundred dollars. Trial by a jury — finding and judgment for defendants. Motion for a new trial overruled and plaintiff, bringing upon the record his exceptions, appealed to this court. Before going into the merits of this case, we will remark that the record was not filed in the clerk's office of this court twenty days before the commencement of this term, in accordance with the provisions of section 876, Civil Code. But we regard this provision as directory, and the appellees having been summoned over twenty days before the submission of the case, on the part of the appellants, it may properly be disposed of at this term.

The motion for a new trial is based upon the following grounds:

1st. Because the court decided that the defendants should produce their evidence in the case first.

2d. Because the court admitted the paper offered as a bill of sale from Pierce to Davis of the property in question, and allowed the same to go the jury as testimony for the defendants.

3d. Because the court refused to declare the law to the jury as asked by the plaintiff.

4th. Because the court declared the law to the jury as asked by the defendants.

5th. Because the finding of the jury was contrary to the law and the evidence.

*First.* The court decided, over the objection of the appellant, that the defendants should produce their evidence first. The suit was brought upon a promissory note given for a printing press, etc. The only defense set up in the answer was a failure of consideration. The burden of proof " in the whole action " seems to have rested upon the defendants, and the ruling of the court that they should " produce their evidence first" was not improper. See clause third, sec. 349, Civil Code.

*Second.* The remainder of the reasons assigned for a new trial will all be considered together.

The appellant, Pierce and Bawers, as partners, being the owners and in possession of a printing press, Pierce sold and delivered his one-half interest thereof to the appellee, Lyman. For part of the purchase money thereof, Lyman with the other appellees, in this case, as security, executed to Pierce his promissory note, which is the note sued on in this action. Lyman, in his answer, alleges a failure of consideration ; and this is based upon what is averred to be a breach of the implied warranty of title in said property. That is to say, it is averred in the answer that sometime before said sale of said printing press, etc., to Lyman, Pierce sold the one-fifth interest therein to one Davis, for six hundred dollars, and that Pierce owned and had the right to sell only three-fifths of the one-half interest in said property, etc., and that therefore the consideration of the note failed to the extent of three-tenths of the property.

Pierce replies that he was the owner of the one-half undi-vided interest of said property and had a legal right to sell the same, and did sell and deliver the same to Lyman in pur-suance of his contract of sale. He further states that he did not dispose of any part of said property to the said Davis; that sometime before the sale by him to the said Lyman, he and one Groesbeck, being then the owner of said property, entered into a verbal agreement with Davis to sell him a one-fifth interest in the whole of said property upon the consider-ation of six hundred dollars; that in pursuance of said agree-ment, he wrote and signed an instrument conveying to said Davis a one-fifth interest in said property and delivered the instrument to Davis to obtain the signature of Groesbeck, and, for no other purpose; that the instrument was never signed by Groesbeck and the sale was never completed; that Davis never paid one cent of the amount agreed upon; that after-ward the agreement to sell was rescinded by mutual consent of the interested parties, etc. We deem it necessary to con-sider but one question presented by the record, as that, we think, will dispose of the case.

It appears clearly from the evidence that Pierce and Groes-beck, being partners and equal owners in the property, agreed with Davis to sell him one-fifth of the same. In pur-suance of the agreement a bill of sale was written in the plural by Pierce, signed by him and given to Davis with the understanding that he (Davis) should procure the signature of Groesbeck. It was presented to Groesbeck and he refused to sign it. Davis not being able to raise the six hundred dollars according to the agreement, the same was revoked as to all the parties.

Now we presume it will not be disputed that in order to convey an interest in the whole property (which was the verbal agreement) it was indispensable for Pierce and Groesbeck, who

were partners and joint owners therein, to join in the convey-ance — Groesbeck refusing to carry out the contract of sale, no sale in law was ever made, and no title at any time vested in Davis.

The test as to whether upon a contract of sale the property vests in the vendee or remains in the vendor is, Could the vendee recover the property from the vendor? Upon the state of facts shown by the testimony, could Davis have recovered either in a court of law or equity the interest he claimed to have purchased of Pierce? No one would answer this in the affirmative. Now if he could not recover from Pierce, be-fore his sale to Lyman, *a fortiori*, he could not recover from Lyman after his purchase. Hence the rights of Lyman were not affected by the transaction between Pierce and Davis. Such being the case, Lyman could in no event suffer any damage which he could recoup out of the note. Lyman testi-fied that he, as agent, bought in this claim of Davis to the property for one Hubbard. From what we have seen, this transaction amounts to nothing in this case, except as showing the anxiety of Lyman to devise some means by which to avoid the payment of his honest debts.

From the foregoing, it will be readily seen that the instrument of writing purporting to be a bill of sale from Pierce to Davis of an interest in the printing press, etc., in question, should not have been admitted in evidence to the jury, the evidence clear-ly showing that it was not executed. It will also be seen that the court erred in giving the instructions asked by the appel-lees to the jury, the same being founded upon the admission of said bill of sale as evidence, and upon the assumed facts that Pierce was not the owner of, and had not the right to convey the one-half undivided interest of the printing press to Lyman. These instructions should have been refused.

It will be further seen that the court erred in refusing to

give the instructions asked by the appellant, the same being the converse of those given for the appellees. It will be further seen that the verdict of the jury was grossly contrary to the law, though in accordance with the instructions of the court, and it was totally unsupported by any legal evidence in the case.

For these errors the judgment must be reversed and the cause remanded to the court below with instructions thereto to try the same anew in accordance with the law and not inconsistently with this opinion.

GREGG, J., dissented.